IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEWAYNE DEMOND JOHNSON, 1403660,  ) | |
|       Petitioner,                          ) | |
|                                            ) | |
| v.                                        ) | No. 3:08-CV-108-M |
|                                            ) | |
| RICHARD THALER,                           ) | |
| Director TDCJ-CID,                        ) | |
|       Respondent.                         ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.    Procedural Background**

Petitioner challenges his two convictions for aggravated robbery. *State of Texas v. Dewayne Demond Johnson*, Nos. F-0473843-U and F-0473844-U, (291st Jud. Dist. Ct., Dallas County, Tex., Oct. 30, 2006). Petitioner pled guilty pursuant to a plea agreement and was sentenced to fifteen years confinement on each conviction, to run concurrently. Petitioner did not appeal his convictions.

On June 13, 2007, Petitioner filed two state habeas applications challenging his convictions. *Ex parte Johnson*, Nos. 68,110-01 and -02. On October 17, 2007, the Court of Criminal Appeals denied the applications without written order on the findings of the trial court.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

On January 18, 2008, Petitioner filed this federal petition. He argues: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; and (3) the prosecutor withheld exculpatory material.

## II.      Discussion

**1.      Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

**2.    Guilty Plea/Ineffective Assistance of Counsel**

Petitioner argues his counsel was ineffective, which rendered his guilty plea involuntary. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. at 206 (citing *Hill*, 474 U.S. at 56-58).

Petitioner states his counsel was ineffective because he failed to interview witnesses, failed to adequately investigate the case and failed to file motions. Petitioner states that a thorough investigation would have showed that he was innocent of the charges. Petitioner has submitted no evidence that any witness would have testified favorably for the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). He has also submitted no evidence that he is actually innocent, and has not stated how any motions would have helped the defense. Petitioner's claims are conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Petitioner also claims his counsel did not sufficiently investigate results of his DNA tests. He states his DNA was taken for testing, and that the results of this DNA would have showed he

was innocent.  Petitioner has submitted no evidence that the DNA results would have showed he was innocent.  His claims are conclusory and should be denied.

Petitioner claims his counsel coerced him into pleading guilty by telling him that if he proceeded to trial, Petitioner would or could be sentenced to fifty or sixty years in prison.  It is well settled, however, that a guilty plea is not rendered invalid merely because it is motivated by fear of greater punishment.  *United States v. Araiz*, 693 F.2d 382, 383 (5th Cir. 1982) (citing *Bordenkircher v. Hayes*, 434 U.S. 357 (1978); *Flores v. Estelle*, 578 F.2d 80, 85 (5th Cir. 1978)).  Further, Petitioner's sentencing range was up to ninety-nine years in prison for each case.  TEX. PENAL CODE §§ 12.32, 29.03 (West 2006).  His counsel did not provide deficient performance in informing Petitioner that he could receive a much higher sentence if he proceeded to trial.

Additionally, the record shows that Petitioner's guilty was voluntarily entered.  Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents.  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed a plea agreement in each case.  The plea agreement states that Petitioner admits he committed the offense of aggravated robbery as charged in the indictments.  (*Ex parte Johnson*, 68,110-01 at 34; 68,110-02 at 43).  The Agreement further states:

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

> I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*.

(*Ex parte Johnson*, 68,110-01 at 35; 68,110-02 at 44). Petitioner also signed a judicial confession in each case. The judicial confession states that Petitioner confesses he committed the offenses charged in the indictments. (*Ex parte Johnson*, 68,110-01 at 47; 68,110-02 at 45).

On state habeas review, the court found that Petitioner voluntarily entered his guilty plea. The court stated Petitioner: "signed a judicial confession and written admonitions indicating his plea was voluntary. He made no statements during his plea to indicate otherwise." (*Ex parte Johnson*, 68,110-01 at 36; 68,110-02 at 34). Petitioner has failed to show that his guilty plea was not knowingly or voluntarily entered.

**3.     Failure to Disclose Exculpatory Evidence**

Petitioner claims the state withheld exculpatory DNA evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He states he provided DNA evidence, but he never learned the results of the evidence. He claims the DNA evidence would have showed he did not commit the aggravated robberies.

The Fifth Circuit Court of Appeals has held that a guilty plea forecloses a defendant's *Brady* claims. *United States v. Conroy*, 567 F.3d 174, 178 (5th Cir. 2009) (citing *Matthew v. Johnson*, 201 F.3d 353 (5th Cir. 2000) and *Orman v. Cain*, 228 F.3d 616 (5th Cir. 2000)). The Fifth Circuit has stated:

> Because a Brady violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation.

*Matthew*, 201 F.3d at 361-62.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

Additionally, Petitioner has submitted no evidence that his DNA results were exculpatory. Petitioner's claims should be denied.

**4.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 7th day of October, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**